United States District Court
Southern District of Texas
**ENTERED**
June 12, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ERIC FLORES, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 1:18-cv-0070 |
| | § | |
| LORIE DAVIS, et al., | § | |
| Defendants. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Plaintiff Eric Flores's pro se "Civil Rights Complaint" (Flores's "Complaint") and his Application to Proceed In Forma Pauperis (Flores's "Application"). Dkt. Nos. 1, 2. For the reasons provided below, it is recommended that the Court: (1) **DISMISS** Flores's Complaint with prejudice, (2) **DIRECT** the Clerk of the Court to close this case, and (3) **DIRECT** the Clerk of the Court to refrain from docketing any future filings by Flores unless he has obtained leave of court.[1]

**I. Discussion**

**a. Dismissal of Flores's claims**

Flores violated an order issued by the Court of Appeals for the Fifth Circuit by filing two new actions in this division without first seeking leave of court. *See Eric Flores v. Lorie Davis*, 18-cv-00072 (S.D. Tex.). The Court has relayed much of the relevant

---

[1] The Court need not rule on Flores's Application, because it will be rendered moot upon closure of this case.

background in its June 11, 2018, Report and Recommendation, which recommends dismissal of Flores's second-filed action. *See id.* at Dkt. No. 6. In *Flores v. Unknown Defendants*, the Fifth Circuit barred Flores from filing "any" future pleadings, in any court within its jurisdiction, without first seeking leave of court. 713 Fed. Appx. 419, 419 (5th Cir. Mar. 6, 2018) (per curiam) (unpublished). The Fifth Circuit stated:

> We have previously sanctioned Flores for failing to heed this court's warning regarding the filing of frivolous or repetitive pleadings. *See Flores v. Moore*, 700 Fed.Appx. 367, 367 (5th Cir. 2017). In that case, we directed Flores to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive. *See id.* Because Flores ignored our warning, IT IS FURTHER ORDERED that an additional SANCTION IS IMPOSED. Flores is ORDERED to pay a monetary sanction in the amount of $200, payable to the clerk of this court. Flores is BARRED from filing in this court or in any court subject to this court's jurisdiction any pleading until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such pleading. Flores is further CAUTIONED that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions. He is again DIRECTED to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.

*Id.*[2] Flores has not obtained leave of court prior to filing this action, and a review of the docket in *Flores v. Unknown Defendants* reveals that he has yet to pay the sanctions ordered by the Fifth Circuit. On this basis alone, his Complaint should be dismissed.

Further, Flores appears to raise several of the same issues that were previously dismissed as frivolous by the Fifth Circuit. These include allegations by Flores that he has already been executed by electric chair. Dkt. No. 1 at 6; *see Flores v. Moore*, 700 Fed.

---

[2] The Fifth Circuit is not the first court to opine about Flores's penchant for filing frivolous or repetitive pleadings. *See, e.g., Flores v. Unknown TDCJ Officials*, Civil Action No. 5:17-CV-020-C, 2017 WL 7791601, at *2 (N.D. Tex., Feb. 6, 2017) ("United States District Courts in nearly every state across the country have been burdened by Mr. Flores' repeated frivolous filings. . . . [Flores] has filed in excess of 200 cases nationwide[.]").

Appx. 367, 367 (5th Cir. 2017) (per curiam) (unpublished). Flores's other allegations appear to fall into a similar category; for example, he asserts that "prison officials are facilitating a numerical chronology of mass murder on the basis of the number seven" by murdering his relatives born on the seventh day of the month, and that prior judgments against him by other courts were fabricated by prison officials. Dkt. No. 1 at 7, 8. In such cases, dismissal with prejudice is appropriate because "[Plaintiff's] Complaint has no arguable basis and the Court does not believe that amendments to the Complaint could remove it from the realm of the irrational and fantastic." *Eric Flores v. Attorney Gen. of Tex.*, No. EP–10–CV–65–PRM, 2010 WL 5540950 (W.D. Tex. Sept. 29, 2010). Flores's Complaint should be **DISMISSED** with prejudice.

### b. Preclusion order

"A preclusion order is akin to an anti-suit injunction[.]" *Thanedar v. Time Warner, Inc.*, 352 Fed. Appx. 891, 900 (5th Cir. 2009) (per curiam) (unpublished). "There is no constitutional right to prosecute frivolous actions, and preclusion orders are appropriate tools for deterring vexatious filings." *Id.; see, e.g. Eric Flores v. U.S. Attorney Gen.*, No. 1:14–CV–198, 2015 WL 1088782 (E.D. Tex. Mar. 4, 2015). As addressed above, the Fifth Circuit has already issued a preclusion order against Flores by stating that he "is BARRED from filing in this court or in any court subject to this court's jurisdiction any pleading until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such pleading." *Flores*, 713 Fed. Appx. at 419. Given Flores's violations of the Fifth Circuit's order, the Court recommends that the Clerk of the Court

be **DIRECTED** to refrain from docketing Flores's future filings unless he has obtained leave of court. *See, e.g., Minnfree v. Elae*, 1:15-CV-00020, Dkt. Nos. 5, 10 (S.D. Tex.).

## II. Recommendation

It is recommended that the Court: (1) **DISMISS** Flores's Complaint with prejudice, (2) **DIRECT** the Clerk of the Court to close this case, and (3) **DIRECT** the Clerk of the Court to refrain from docketing any future filings by Flores unless he has obtained leave of court.

## III. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 12th day of June, 2018.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**